TIMOTHY J. GORRY (SBN 143797)
tgorry@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Telephone:  (310) 299-5500
Facsimile: (310) 299-5600

SAMANTHA A. DRYSDALE (SBN 307233)
sdrysdale@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave., Ste. 1000
Irvine, CA 92614
Telephone:  (714) 557-7990
Facsimile: (714) 557-7991

Attorneys for Plaintiff
BOUSTEAD SECURITIES, LLC; a California LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BOUSTEAD SECURITIES, LLC; a California LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CERBERUS CYBER SENTINEL CORPORATION, a Delaware Corporation, and DOES 1 through 10, inclusive.<br><br>Defendant. | Case No.:  8:23-cv-00873<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN ENGAGEMENT AGREEMENT**<br>2. **BREACH OF WRITTEN UNDERWRITING AGREEMENT**<br>3. **DECLARATORY RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

1

**COMPLAINT**

Plaintiff Boustead Securities, LLC, by and through undersigned counsel, file its Complaint against Defendant Cerberus Cyber Sentinel Corporation, and Does 1-10, Inclusive, individually and/or severally, and state as follows on information and belief:

## FEDERAL JURISDICTION AND VENUE

1. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the Plaintiff and Defendant are citizens of different states.

2. Venue in the Central District is proper pursuant to 28 U.S.C. § 1391 since a substantial part of the events giving rise to this action occurred within this District and Plaintiff does business in this District.

3. Further, venue and jurisdiction are proper based upon the forum selection clause of the Underwriting and Engagement Agreements requiring that suit be brought in federal court located in Los Angeles, California and governed by Delaware law.

## THE PARTIES

4. At all times mentioned herein, Plaintiff Boustead Securities, LLC ("***Boustead***") was, and now is, a California Limited Liability Company with its principal place of business in Irvine, California and all of its members are domiciled in the State of Nevada. Boustead is an investment banking firm that advises clients on initial public offerings or IPOs, mergers and acquisitions, and capital raises in a wide variety of industries.

5. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant Cerberus Cyber Sentinel Corporation's ("***CISO***"), is a Delaware Corporation, with its principal place of business located in Scottsdale, Arizona. CISO is a cybersecurity company that provides consulting and managed services.

6. The true names and capacities of defendants DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when they have been ascertained.

///

7. Plaintiff is informed and believes and based thereon alleges that each defendant named herein as a DOE is responsible in some manner for each and every act and obligation set forth in the Complaint. Plaintiff alleges that Defendants, and each of them, conspired with one another to transfer the assets and real property alleged herein in violation of the law. Each Defendant was aware and consented to undertaking the course of action that has caused harm to Plaintiff as set forth herein.

8. Defendants, and DOES 1-10, were at all times the agent, alter ego, servant and/or employee of the other defendants herein, and were at all such times acting within the course and scope of said agency and employment and with the consent and permission of each of the co-defendants, and each of the defendants herein ratified each of the acts of each of the other co-defendants.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

9. This lawsuit arises from CISO's effort to improperly avoid paying Boustead pursuant to their contractual agreement.

10. CISO agreed to provide Boustead a right of first refusal to act as Cerberus' financial advisor on all private and public financings from December 3, 2021 to December 3, 2024. CISO repeatedly did not abide by this agreement, CISO sought to unlawfully cut Boustead from its most recent private financing deal and now seeks to avoid any further obligation under these terms.

11. This lawsuit is brought to recover the amount of monies Boustead is entitled to, and to seek a judicial determination of the respective rights and duties of CISO.

### Contractual Agreements Between Boustead and CISO

12. On or around December 3, 2021 Boustead entered into an Engagement Agreement with CISO. The Engagement Agreement provided that Boustead would act as "the exclusive lead financial advisor" to CISO. The Engagement Agreement also contemplated that Boustead would assist with CISO's initial public offering of stock on NASDAQ ("IPO").

///

13. In connection with the Engagement Agreement, Boustead and CISO entered into an Underwriting Agreement dated January 13, 2022. The Underwriting Agreement specifically provided that all terms and conditions of the Engagement Agreement shall remain in full force and effect.

14. Section 7 of the Engagement Agreement provides that:

> *Future Services*. The Company agrees that it shall provide Boustead the right of first refusal for eighteen (18) months from the later of the consummation of the IPO or termination or expiration of this Agreement to act as a lead financial advisor on at least equal economic terms on any public or private financing (debt or equity), merger, business combination, recapitalization or sale of some or all of the equity or assets of the Company, whether in conjunction with another broker-dealer or on the Company's own volition, (collectively, "Future Services")

15. Similarly, Section 7.1 of the Underwriting Agreement provides that:

> "*Right of First Refusal* The Company agrees that for eighteen (18) months from the consummation of the Offering or termination or expiration of this Agreement, it shall provide Representative the right of first refusal to act as financial advisor or to act as joint financial advisor on at least equal economic terms on any public or private financing (debt or equity) (collectively, "Future Services") ..."

**IPO Listing**

16. On or around January 14, 2022, CISO began trading on the NASDAQ Capital Market under the symbol CISO. CISO's initial public offering to the public was for 2 million shares of common stock at a price of $5 per share.

17. As contemplated by the Engagement Agreement and Underwriting Agreement, Boustead acted as the sole financial advisor/underwriter and received their fee pursuant to the terms of the Agreements.

///

///

///

### $100 Million ATM Offering

18. On or around June 10, 2022, CISO intended to complete a $100 million at-the-market offering of CISO's common stock (the "***$100 Million ATM***") with B. Riley Securities, Inc. acting as lead sales agent.

19. Consistent with Section 7.1 of the Underwriting Agreement and Section 7 of the Engagement Agreement, CISO reached an agreement with Boustead. Specifically, Boustead agreed to waive the right of first refusal (solely in relation to this offering) in exchange for a sharing of the fees B. Riley Securities, Inc. received, however, the $100 Million ATM offering never occurred.

### Cantor Offering

20. On or around February 2023, Boustead discovered that CISO intended to complete a registered follow on offering of CISO's equity securities with Cantor Fitzgerald & Co. ("***Cantor***") for up to $35,000,000 ("***Cantor Offering***").

21. Contrary to the terms of the Engagement and Underwriting Agreements and CISO's prior practices in June 2022, CISO did not inform Boustead of the intended agreement with Cantor. Upon discovering the agreement with Cantor, Boustead insisted CISO abide by the Engagement Agreement and the Underwriting Agreement, which CISO reluctantly did.

22. On or around February 11, 2023, CISO reached an agreement with Boustead regarding the Cantor Offering ("***Letter Agreement***"). Specifically, Boustead agreed to waive the right of first refusal as to the Cantor Offering in exchange for CISO's payment of $600,000. The fee payment would be payable in two installments: (1) $50,000 upon signing of the Letter Agreement, and (2) $550,000 designated as a deduction from the Cantor Offering proceeds.

23. The Letter Agreement further stated that: "If, for any reason or no reason the [Cantor] Offering shall not be consummated by March 10, 2023, the waiver of Boustead's [right of first refusal] shall be deemed null and void, ***ab initio***; provided that Boustead shall be entitled to retain the Deposit."

24. While Boustead did receive the $50,000 deposit upon entry into the Letter Agreement, the Cantor Offering never occurred and thus, Boustead never received the remaining $550,000 payment.

### Hensley Offering

25. On March 20, 2023, CISO entered into a Purchase Agreement with Hensley & Company dba Hensley Beverage Company wherein CISO issued and sold a 10% unsecured convertible note for gross proceeds of $5,000,000 ("**Hensley Offering**").

26. CISO failed to inform Boustead of the private offering pursuant to Section 7 of the Engagement Agreement and Section 7.1 of the Underwriting Agreement. As such, CISO violated the Engagement and Underwriting Agreements by failing to provide Boustead a right of first refusal.

### Titan Offering

27. On or around May 16, 2023, CISO announced it had entered into agreements with investors for the purchase and sale of 20 million shares at a purchase price of $.20 per share resulting in gross proceeds of $4,000,000 ("**Titan Offering**"). Titan Partners Group acted as the sole placement agent for the offering. The closing of the offering is expected to take place on or around May 19, 2023.

28. Again, CISO failed to inform Boustead of the private offering pursuant to Section 7 of the Engagement Agreement and Section 7.1 of the Underwriting Agreement. As such, CISO violated the Engagement and Underwriting Agreements by failing to provide Boustead a right of first refusal.

### FIRST CAUSE OF ACTION
### (Breach of the Written Engagement Agreement)
### (By Plaintiff Against Defendant)

29. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint.

///

30. CISO and Boustead entered into the Engagement Agreement as set forth above. The Engagement Agreement constitutes a written valid contract between CISO and Boustead.

31. By the terms of the written Engagement Agreement, CISO was to provide Boustead the right of first refusal ("**ROFR**") to act as financial advisor on any and all of CISO's private and public financing transactions. The ROFR was included as compensation in Boustead's filing with FINRA, and thus took away from Boustead's ability to receive additional compensation. As a result, the consideration set forth in the Engagement Agreement was fair and reasonable.

32. Boustead fully performed under the Engagement Agreement by acting as CISO's exclusive financial advisor and underwriter, respectively.

33. CISO knowingly breached the Engagement Agreement as it failed to inform Boustead of the March 20, 2023 Hensley Offering and/or the May 19, 2023 Titan Offering.

34. CISO's failure to inform Boustead of the Hensley and/or Titan Offerings is a material breach of the Engagement Agreement. CISO knew of its obligation to provide Boustead a right of first refusal as it had previously done so for the ATM Offering and the Cantor Offering.

35. CISO as of the date of this Complaint failed and refused to perform its obligations under the contract.

36. The Engagement Agreement provides that the prevailing party in any action to interpret or enforce any provision of the Engagement Agreement shall be entitled to reasonable attorney's fees and costs. Plaintiff has retained attorneys to commence and prosecute this action. Plaintiff is, therefore, entitled to recover all such attorney's fees and costs.

37. As a result of CISO's conduct, Plaintiff sustained damages in excess of the jurisdictional minimums of this Court plus interest and attorney's fees and further additional damages in an amount presently unknown but will be proved at trial.

///

## SECOND CAUSE OF ACTION

### (Breach of the Written Underwriting Agreement)

### (By Plaintiff Against Defendant)

38. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37 of this Complaint.

39. CISO and Boustead entered into the Underwriting Agreement as set forth above. The Underwriting Agreement constitutes a written valid contract between CISO and Boustead.

40. By the terms of the written Underwriting Agreement, CISO was to provide Boustead the ROFR to act as financial advisor on any and all of CISO's private and public financing transactions. The ROFR was included as compensation in Boustead's filing with FINRA, and thus took away from Boustead's ability to receive additional compensation. As a result, the consideration set forth in the Underwriting Agreement was fair and reasonable.

41. Boustead fully performed under the Underwriting Agreement by acting as CISO's exclusive financial advisor and underwriter, respectively.

42. CISO knowingly breached the Underwriting Agreement as it failed to inform Boustead of the March 20, 2023 Hensley and/or the May 19, 2023 Titan Offering.

43. CISO's failure to inform Boustead of the Hensley and/or Titan Offerings is a material breach of the Underwriting Agreement. CISO knew of its obligation to provide Boustead a right of first refusal as it had previously done so for the ATM Offering and the Cantor Offering.

44. CISO as of the date of this Complaint failed and refused to perform its obligations under the contract.

45. The Underwriting Agreement provides that the prevailing party in any action to interpret or enforce any provision of the Underwriting Agreement shall be entitled to reasonable attorney's fees and costs. Plaintiff has retained attorneys to commence and prosecute this action. Plaintiff is, therefore, entitled to recover all such attorney's fees and costs.

46. As a result of CISO's conduct, Plaintiff sustained damages in excess of the jurisdictional minimums of this Court plus interest and attorney's fees and further additional damages in an amount presently unknown but will be proved at trial.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)
### (By Plaintiff Against Defendant)

47. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 46 of this Complaint.

48. An actual controversy has arisen and now exists between Plaintiff and Defendant. Defendant is obligated to provide Plaintiff with a right of first refusal on offerings and pay Plaintiff, pursuant to the Engagement, for failing to provide Plaintiff the ROFR on all offerings.

49. Plaintiff desires a judicial determination of the respective rights and duties of Defendant with respect to the Engagement Agreement. In particular, Plaintiff desires a declaration that, under the terms of the Engagement Agreement, Defendant remains obligated to provide Plaintiff with a ROFR on future offerings, is obligated to pay Plaintiff and that the ROFR is and remains in effect until December 3, 2024.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief against Defendant as follows:

1. A declaratory judgment that Defendant must perform provide Plaintiff with a right of first refusal on future offerings, under the Engagement Agreement and pay Plaintiff pursuant to the Engagement Agreement's terms;
2. A declaratory judgment that Plaintiff's right of first refusal applies until December 3, 2024 pursuant to the Engagement Agreement;

3. An award to Plaintiff of all damages resulting from Defendant's breach of its contractual obligations;

4. An award to Plaintiff of reasonable attorney's fees and costs;

5. An award to Plaintiff of pre- and post-judgment interest; and

6. Any further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

**MICHELMAN & ROBINSON, LLP**

Date: May 18, 2023                By:   /s/Timothy J. Gorry
                                        Tim Gorry
                                        Samantha A. Drysdale
                                        Attorneys for Plaintiff,
                                        BOUSTEAD SECURITIES, LLC; a
                                        California LLC